# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 3, 2015

Plaintiff-Appellee,

v

No. 323012
Oakland Circuit Court
LC No. 2014-249796-FH

CASIMIR ALEXANDER MAGIC,

Defendant-Appellant.

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I fully concur in the majority opinion. I write separately to offer additional rationale for affirming defendant's sentence in this case.

Were we to consider the judicial fact-finding issue raised by defendant by way of Supplemental Authority (but not raised in defendant's brief on appeal), I would find that a remand under *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015) (Docket No. 149073), is not required in this case.

Whether defendant is entitled to a *Crosby*[1] hearing on remand under *Lockridge* depends on whether defendant can satisfy the plain-error standard of *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999), reh den 461 Mich 1205 (1999). *Lockridge*, slip op at 30. Defendant is entitled to a *Crosby* hearing only if he can show that the "facts admitted by a defendant or found by a jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced." *Lockridge*, slip op at 32-33 (italics in original). In other words, "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to remand to the trial court for further inquiry." *Lockridge*, slip op at 33. Under the circumstances of this case, I would find that defendant has not established plain error and, thus, has not demonstrated an entitlement to a remand for a *Crosby* hearing.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Defendant argues that his "minimum sentence was determined based, in part, on a judicial finding of 5 points on OV 13." In *Lockridge*, our Supreme Court held that in order to avoid any Sixth Amendment violation, Michigan's sentencing guidelines scheme must be deemed advisory, instead of mandatory. *Lockridge*, ___ Mich at ___; slip op at 28. The concern is that when a judge makes findings of fact "beyond facts admitted by the defendant or found by the jury" in a sentencing proceeding that increases a defendant's minimum sentence, this runs afoul of a defendant's right to a jury trial. *Id*. at ___; slip op at 1. In the context of addressing the application of its decision to other cases, the Supreme Court stated that if the facts "admitted by a defendant or found by the jury verdict were insufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . an unconstitutional restraint [will have] actually impaired the defendant's Sixth Amendment right." *Id*. at ___; slip op at 32. In such a case, the defendant will have "establish[ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id*. at ___; slip op at 32-33. If the facts admitted by the defendant and the facts necessarily found by the jury "were sufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced," defendant cannot establish any plain error. *Id*. at ___; slip op at 32.

OV 13 considers the "continuing pattern of criminal behavior." MCL 777.43. A score of five points is appropriate when "the offense was part of a pattern of felonious criminal activity involving three or more crimes against property." MCL 777.43(1)(f). All crimes within a five-year period, including the sentencing offense, must be counted, regardless of whether the offense resulted in a conviction. MCL 777.43(2)(a). Defendant did not object to the scoring of OV 13 in the trial court, and has not provided the presentence information report. However, after the jury rendered its verdict, the trial court gave the defense the option to address the habitual offender, fourth offense, notice. The following exchange then occurred:

> *Defense counsel*: Mr. Magic, you know that you've been charged with habitual fleeing, that you have three prior felonies. You can—you're not entitled to a jury trial on that. You can plead to it or the Court can find it through various means at the time of sentence or sometime prior to that. What do you want to do?
>
> *Defendant*: Well *I could plead out to it*.
>
> *Defense counsel*: All right.
>
> *The court*: Okay. If you could please stand . . .
>
> \* \* \*
>
> Okay. You understand that you're pleading to the Notice of Intent to Seek Sentence Enhancement for fourth or subsequent offense and based upon that you could receive up to fifteen years of incarceration?
>
> *Defendant*: Yes.
>
> \* \* \*

-2-

*The court*:  Is it your own choice to plead to the Notice of Intent?

*Defendant*:  Yes.

*The court*:  Is it true that you have been convicted of breaking and entering a building with intent to commit larceny and sentenced on or about December 6th, 2007 *in Oakland County Circuit Court of larceny in a building and sentenced on or about August 6th, 2012 in Oakland County Circuit Court and a breaking and entering a building with intent to commit larceny and sentenced on or about August 6th, 2012 in Oakland County Circuit Court*?

*Defendant*:  Yes.

Given defendant's testimony that he was convicted of two crimes against property in 2012, plus the sentencing offense in this case, the trial court's score for OV 13 was not based on "judge-found facts," but on facts admitted by defendant and found by the jury.  Therefore, defendant cannot establish any plain error.  *Lockridge*, ___ Mich at ___; slip op at 32.

/s/ Mark T. Boonstra